ORIGINAL

FILED-USDC-NDTX-DA
'25 SEP 16 PM 1:58
KNB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. |
| JOEL IPINA | 3-25CR-421-B |

### INFORMATION

The Acting United States Attorney charges:

### General Allegations

1.      The Dallas Housing Authority ("DHA") was a local government agency located in the Dallas Division of the Northern District of Texas.

2.      DHA received benefits under various federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, and other forms of federal assistance, including, benefits from the United States Department of Housing and Urban Development, in excess of $10,000 in calendar years 2022 and 2023.

3.      **Joel Ipina** was employed by the DHA from approximately 1995 until January 2024.   Beginning in approximately 2013, **Joel Ipina** began working as a maintenance supervisor for DHA.   In this role, **Joel Ipina** was an agent of DHA in that he had the authority to procure and approve contracts for maintenance work on DHA properties he supervised.

Information—Page  1

### Count One
Theft Concerning Programs Receiving Federal Funds
(Violation of 18 U.S.C. § 666(a)(1)(A))

4.      The General Allegations section of this Information is realleged and incorporated by reference as though fully set forth herein.

5.      On or about February 9, 2023, in the Dallas Division of the Northern District of Texas, the defendant, **Joel Ipina**, being an agent of a local government agency, that is, the DHA, an agency receiving federal benefits in excess of $10,000 annually during the relevant time, knowingly embezzled, stole, obtained by fraud, otherwise without authority knowingly converted to the use of a person not the rightful owner, and intentionally misapplied property worth at least $5,000 and owned by and under the care, custody, and control of the DHA, that is $15,200 in DHA funds.

In violation of 18 U.S.C. § 666(a)(1)(A).

### Forfeiture Notice

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

Information—Page 3

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


Elise Aldendifer
Assistant United States Attorney
Texas Bar No. 24124103
1100 Commerce Street, Third Floor
Dallas, TX 75242
Tel:   214-659-8814
Fax:   214-659-8812
Email: Elise.Aldendifer@usdoj.gov

**Information—Page 4**